Robert MASON, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellee.

No. 02–6319.

United States Court of Appeals, Second Circuit.

April 22, 2004.

Carol S. Goldstein, Monroe, N.Y., for Plaintiff–Appellant.

John E. Gura, Jr., Assistant United States Attorney (Meredith E. Kotler, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Defendant–Appellee, of counsel.

Present: HMESKILL, KATZMANN, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **VACATED**.

Plaintiff Robert Mason appeals the district court's order of October 25, 2002, granting the Commissioner's motion for judgment on the pleadings and affirming the decision of the Administrative Law Judge dated August 24, 1998.

We assume familiarity with the record. Mindful of our limited scope of review, and that the ALJ's decision must be affirmed if supported by substantial evidence, even if a contrary outcome is supported by substantial evidence as well, *see Am. Textile Mfrs. Inst., Inc. v. Donovan*, 452 U.S. 490, 523, 101 S.Ct. 2478, 69 L.Ed.2d 185 (1981); *DeChirico v. Callahan*, 134 F.3d 1177, 1183 (2d Cir.1998), we do not think the ALJ sufficiently explained his conclusion that "[t]he claimant's capacity for the full range of sedentary work has not been significant-ly compromised by his additional non-exertional limitations," *In re Mason*, decision at 8 (SSA Aug. 24, 1998) ("Decision").

Evaluating Mason's ability to use his hands is crucial to determining whether he could have performed sedentary work. "Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity .... for repetitive hand-finger actions." Social Security Ruling 96–9p, Determining Capability to Do Other Work—Implications of a Residual Functional Capacity for Less than a Full Range of Sedentary Work, 61 Fed. Reg. 34,478, 34,482 (July 2, 1996). "Any significant manipulative limitation of an individual's ability to handle and work with small objects with both hands will result in a significant erosion of the unskilled sedentary occupational base," *id.*, and, in turn, forecloses reliance on "the grids" to determine whether Mason is disabled, *see Bapp v. Bowen*, 802 F.2d 601, 605–06 (2d Cir.1986) ("[W]here the claimant's work capacity is significantly diminished beyond that caused by his exertional impairment the application of the grids is inappropriate.").

Although the ALJ considered whether Mason's adjustment disorder compromised his ability to do sedentary work, Decision at 6, nowhere did the ALJ specifically address the substantial evidence in the record that Mason suffered from carpel tunnel syndrome. He noted Dr. Smith's finding that Mason's wrist wasn't swollen, warm, or tender, but he did not address Dr. Smith's other finding that Mason had "decreased pinch and grasp" strength. He noted Dr. Jones's finding that Mason had "normal grip strength," but he did not address Dr. Jones's finding of "slightly diminished" wrist motion. He did not mention any of Dr. Sridaran's or Dr. Freifeld's findings as they apply to Mason's hands. As a result, we are unable to discern "the ALJ's rationale in relation to

the evidence in the record without further findings or clearer explanation for the decision." *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir.1996) (internal quotation marks omitted); *see also Rosa v. Callahan*, 168 F.3d 72, 82 (2d Cir.1999).

On remand, the ALJ must re-evaluate whether Mason's non-exertional limitations "significantly diminish[ed] his ability to work–over and above any incapacity caused solely from exertional limitations --- so that he [was] unable to perform the full range of employment indicated by the medical vocational guidelines" and proceed accordingly. *Bapp*, 802 F.2d at 603; *accord Pratts*, 94 F.3d at 39. In remanding, we offer no view as to the ultimate disposition of the case.

We have considered Mason's other arguments and find them meritless. Accordingly, for the foregoing reasons, the judgment of the district court is **VACATED** and the matter is **REMANDED** to the district court with instructions to remand the matter to the Commissioner for further proceedings consistent with this order.